NO. 07-08-0030-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 5, 2009
_____

JAMES GIST, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 1032660D; HONORABLE MOLLEE WESTFALL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following an open plea of guilty, appellant James Gist was convicted of possession of cocaine in an amount of four grams or more but less than 200 grams and sentenced to seventeen years of confinement. Appellant's attorney has filed a motion to withdraw, and a brief in compliance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008), certifying to his professional opinion there are no non-frivolous issues to appeal. After conducting our

*Anders* review, we grant the motion to withdraw and remand the appeal to the trial court for appointment of new counsel.

In December 2006, appellant was indicted on two counts of possession of a controlled substance, cocaine, in an amount four grams or more but less than 200.[1] The first count alleged appellant possessed the drug with the intent to distribute it; the second count omitted that allegation. The record reflects that appellant first rejected plea offers from the State, then decided to plead guilty to the second count "open to the jury," in exchange for the State's agreement to dismiss the first count and waive an enhancement paragraph.

As the result of appellant's plea and the State's actions, after the open plea of guilty, a jury was selected to hear evidence and assess appellant's punishment. The State called two police officers to testify. The first officer testified that on August 8, 2006, officers were executing a search warrant in connection with drug activity. The officer and his partner entered the residence to be searched and observed a male, later identified as appellant, running out the back door. The two officers chased him and watched appellant throw a bag over the fence. The officers apprehended appellant and arrested him. Cocaine was later found in the bag. Appellant testified on his own behalf. After hearing the evidence presented, the jury assessed punishment against appellant as noted. Appellant timely filed notice of appeal.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003). This is a second degree felony punishable by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years. Tex. Penal Code Ann. § 12.33 (Vernon 2003).

Thereafter, appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, there is no legitimate ground on which a non-frivolous appeal arguably can be predicated.

Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). The record shows that, after appellant's change of mind and decision to enter a plea of guilty, the trial court orally admonished him of the punishment range for the offense. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon 2007) (requiring such an admonition). Appellant was not, however, admonished either orally or in writing of any other consequences of his plea as set forth in article 26.13. In particular, the record contains no admonition of the immigration consequences of appellant's guilty plea. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon 2007) (requiring admonition that if the defendant is not a United States

3

citizen, plea of guilty may result in deportation, exclusion from admission to this country or denial of naturalization under federal law).  After reviewing the record for indications of appellant's citizenship, we conclude that the issue of the consequences of the trial court's omission of an admonition pursuant to article 26.13(a)(4) must be briefed.  *See Vannortrick v. State,* 227 S.W.3d 706 (Tex.Crim.App. 2007) (addressing consequences of absence of admonition); *Burton v. State,* No. 02-06-00279-CR, 2007 WL 3037840 (Tex.App.–Fort Worth Oct. 18, 2007, pet. ref'd) (mem. op., not designated for publication) (applying *Vannortrick*).

We grant appellate counsel's motion to withdraw. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We abate the appeal and remand it to the trial court. We order the trial court to appoint new appellate counsel to represent appellant, review the record, and file a brief on the merits. *See id.* In the brief, counsel should address the trial court's admonishments in connection with appellant's plea of guilty, and any other grounds that might arguably support the appeal. *See id.* We further order the trial court to inform this Court in writing of the identity of new appellate counsel and the date counsel is appointed.

It is so ordered.

Per Curiam

Do not publish.